# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-748V
(Filed: November 6, 2020)

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| CONSTANCE KOHL, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | |
| v. | * | Decision on Interim Attorneys' Fees and |
| | * | Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | * | |

*Mark Sadaka, Esq.*, Mark T. Sadaka, LLC, Englewood, NJ, for petitioner.
*Debra Begley, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On June 24, 2016, Constance Kohl ("Ms. Kohl" or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq.[2] ("Vaccine Act" or "the Program"). Petitioner alleges that a tetanus-diphtheria-acellular pertussis ("Tdap") vaccination she received on June 28, 2013 caused her to develop a "frozen shoulder, stiffness, numbness, tingling, swelling, redness, and reduced range of motion." Petition, ECF No. 1. Petitioner now requests an award of interim attorneys' fees and costs. Petitioner's Motion is hereby **DENIED**.

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

## I. Procedural History

The petition was filed on June 24, 2016. ECF No. 1. This matter was originally assigned to the Special Processing Unit ("SPU"). ECF No. 4.

Petitioner filed medical records on June 28, 2016 and a Statement of Completion on July 1, 2016. Petitioner's Exhibits ("Pet. Ex.") 1-6, ECF No. 5; ECF No. 7.

A status conference was held on August 16, 2016. Scheduling Order at 1-2, ECF No. 9. At that conference, respondent requested, and petitioner was ordered to produce, all chiropractic treatment records, any medical records corroborating petitioner's diagnosis of frozen shoulder, any evidence showing that petitioner suffered residual injuries in excess of six months, and an affidavit explaining the two-year gap in treatment between August 15, 2013 and April 19, 2016. *Id.*

Following an unopposed Motion for Extension of Time, which was granted, petitioner filed medical records from Rosemeyer Jones Chiropractic and witness statements from Todd Fischer[3] and Dennis Paulius on December 16, 2016. *See* Motion, ECF No. 10; Non-PDF Order, issued Oct. 17, 2016; Pet. Ex. 7-9, ECF No. 11. Petitioner also filed a Statement of Completion that day. ECF No. 12. Respondent was then ordered to file a status report by January 30, 2017, indicating how he wished to proceed. Non-PDF Order, issued Dec. 16, 2016.

On December 23, 2016, petitioner filed an additional statement from Todd Fischer. Pet. Ex. 10, ECF No. 13.

On January 30, 2017, respondent filed a status report requesting 30 days to file his Rule 4(c) Report. Status Report at 1, ECF No. 14. An order was issued setting the deadline for respondent's report for March 2, 2017. Non-PDF Order, issued Jan. 30, 2017.

Respondent filed his Rule 4(c) Report on March 1, 2017, stating that "this case was not appropriate for compensation under the terms of the Act because petitioner has not established six months of sequela as required by 42 U.S.C. § 300aa-11(c)(1)(D)(i-ii)." Rule 4 at 1, ECF No. 16.

Petitioner was ordered to file a detailed affidavit addressing the gap in treatment between August 15, 2013 and April 19, 2016. Scheduling Order at 1, ECF No. 17. Following a Motion for Extension of Time, which was granted, petitioner filed her affidavit on April 17, 2017. *See* Motion, ECF No. 19; Order, ECF No. 20; Pet. Ex. 11, ECF No. 21.

During a status conference on May 2, 2017, respondent requested that petitioner file additional documentation from her employer supporting her claim that she experienced residual effects of her alleged injury for longer than six months. Scheduling Order at 1-2, ECF No. 22. Petitioner's counsel stated that it was unlikely that petitioner's employer, a relatively small dairy farm in rural Wisconsin, would have such sophisticated record keeping. *Id.* at 2. Petitioner's

---

[3] The evidence filed in this matter uses "Fischer" and "Fisher" interchangeably; they both refer to Todd Fischer, his wife Julie Fischer, and their business, Fischer Dairy Farm.

2

counsel requested a fact hearing. *Id*. After further discussion, petitioner's counsel agreed to try and secure additional evidence by June 1, 2017. *Id*.

Petitioner subsequently filed a notice from the Workers Compensation Board showing that she had not made any claims, billing and employee records for petitioner, and a letter indicating the absence of any Medicaid lien. Pet. Ex. 12, ECF No. 23; Pet. Ex. 13-14, ECF No. 26; Pet. Ex. 15, ECF No. 28.

Respondent filed a status report ("Resp. S.R.") on August 7, 2017, advising that he intended to continue defending this case and requesting a status conference to discuss how to proceed. Resp. S.R., ECF No. 29.

On August 8, 2017, this matter was reassigned to me. ECF No. 32. The issues in this case were discussed during a status conference on August 29, 2017, including the fact that there was a gap of two years and eight months between petitioner's last treatment for her alleged left shoulder injury on August 15, 2013, and when she presented to Crossing Rivers Health on April 19, 2016 for treatment of her left shoulder pain. Scheduling Order at 1, ECF No. 33; Pet. Ex. 5 at 66-68. In her affidavit, petitioner stated that she did not visit a physician for her alleged injury because she did not have health insurance. Pet. Ex. 11 at 1. However, she consistently received chiropractic treatment from 2013 through 2016 for treatment of neck, thoracic, and lower back pain. *See generally* Pet. Ex. 7. The chiropractic records did not reflect any complaints of left shoulder pain throughout that time period. *See generally id*. Petitioner filed affidavits from her employer and co-workers about how her duties needed to be adjusted as a result of her left shoulder injury, but the affidavits did not address how long the duties were adjusted. *See* Pet. Ex. 8-10. Additional evidence was filed, including tax returns that showed no lost income. *See* Pet Ex. 13. Petitioner's counsel stated that the record was complete, and he was granted 30 days in which to consult with his client. Scheduling Order at 2. Petitioner was ordered to file a status report by September 28, 2017 indicating how she intended to proceed. *Id*.

Petitioner filed a status report ("Pet. S.R.") on September 28, 2017, requesting 30 days to brief her case and asking that a ruling be issued as to whether petitioner satisfied the six-month requirement. Pet. S.R. at 1, 5, ECF No. 34.

A status conference was held on October 4, 2017, to discuss petitioner's status report. Scheduling Order at 1, ECF No. 35. During the conference, respondent requested additional information from Mr. Fischer on how petitioner's work duties were adjusted to accommodate her injuries. *Id*. Petitioner was ordered to file an affidavit from Mr. Fischer by November 3, 2017. *Id*.

Petitioner filed an affidavit from Mr. Fischer on October 31, 2017. Pet. Ex. 16, ECF No. 36. Respondent filed an unopposed Motion for Extension of Time within which to file her status report, which was granted. Motion, ECF No. 37; Non-PDF Order, issued Dec. 5, 2017. On December 20, 2017, respondent filed a status report advising that he intended to continue defending this case. Resp. S.R. at 1, ECF No. 38.

During a status conference on February 7, 2018, respondent's counsel explained that Mr. Fischer's affidavit was inconsistent with the records filed. Scheduling Order at 1, ECF No. 39.

Petitioner's records showed that after her alleged injury, she exceeded the number of hours that she previously worked; however, after injuring her right shoulder in a fall in 2016, petitioner's work hours were drastically reduced. *Id*. Respondent's counsel questioned why petitioner could continue working normal hours after her alleged vaccine injury, but not after her shoulder injury from a fall in 2016. *Id*. Petitioner's counsel clarified that, although petitioner did not need surgery for her 2016 shoulder injury, it was more serious than her alleged vaccine injury. *Id*. Counsel for both parties advised that they were willing to participate in a fact hearing via video conference in order to hear testimony from petitioner and Mr. Fischer about the extent of petitioner's alleged injury and the accommodations made to her work duties. *Id*. However, respondent's counsel suggested that a fact hearing may not be necessary if petitioner could provide more detailed information via affidavit. *Id*. Petitioner was ordered to file her Facebook record by March 9, 2018, and respondent was ordered to file a list of questions for petitioner to answer and a request for documents by no later than April 9, 2018. *Id*.

Petitioner filed her Facebook timeline on March 20, 2018. Pet. Ex. 17, ECF No. 41. Respondent filed his status report on April 9, 2018 containing a list of questions to be answered and additional documents to be produced by petitioner. Resp. S.R. at 1-2, ECF No. 42. Petitioner was ordered to file a response by June 8, 2018. Scheduling Order at 1, ECF No. 43.

Petitioner filed a letter and documents from Julie Fischer on June 4, 2018. Pet. Ex. 18-20, ECF No. 45. Petitioner filed a status report on June 7, 2018, indicating that she had fulfilled the requests made by respondent to the best of her ability and that no further records existed. Pet. S.R. at 1, ECF No. 46.

Petitioner filed a status report on July 3, 2018, advising that she tried to secure records or a statement from Dr. Jones, her chiropractor, but was unable to do so. Pet. S.R. at 1, ECF No. 47. She requested a fact hearing at this time. *Id*.

The parties were ordered to file a joint status report suggesting dates for a fact hearing to be held in February of 2019. Scheduling Order at 1, ECF No. 48. Petitioner filed a joint status report on August 23, 2018. Joint Status Report, ECF No. 47. On August 24, 2018, a pre-hearing order was issued, scheduling this matter for a fact hearing on Wednesday, February 6, 2019. Pre-Hearing Order, ECF No. 50.

During a lapse in government appropriations, respondent filed a Motion to Stay the Fact Hearing until after appropriations were restored to the Department of Justice. Motion, ECF No. 52. A status conference was held on January 25, 2019 to discuss this Motion; it was agreed that the hearing would go forward as scheduled. Order at 1, ECF No. 53. Respondent's motion was denied. *Id*.

On the eve of the hearing, petitioner filed a letter from her chiropractor, Dr. Jones, dated September of 2017, which stated that he had treated her during the timeframe at issue, but could not admit or deny her shoulder injury since he treated her for spinal issues. Pet. Ex. 21, ECF No. 54. Petitioner contemporaneously filed a status report advising that Dr. Jones' letter was inadvertently misfiled by his office and therefore had not been filed in this case. Pet. S.R. at 1, ECF No. 55. He requested that the letter be permitted for use during the hearing. *Id*.

4

A fact hearing was held on Wednesday, February 6, 2019. Petitioner filed updated primary care records on March 29, 2019. Pet. Ex. 23, ECF No. 58. No post-hearing briefs were ordered.

A fact ruling was issued on August 21, 2019 determining petitioner satisfied the statutory six-month requirement. Decision, ECF No. 66. This decision was subsequently withdrawn following a motion for reconsideration filed by respondent. *See* Motion, ECF No. 67. A factual evaluation of this matter is currently ongoing.

On January 31, 2020, petitioner filed the instant interim fees and costs application, requesting $49,004.35 in attorneys' fees and $487.30 in costs, for a total of $49,491.65. Motion for Interim Fees, Ex. A-B, ECF No. 72. Respondent filed a response to petitioner's application on February 14, 2020, in which he "defer[red] to the special master as to whether the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2, ECF No. 76. Petitioner filed a reply to respondent's response on the same day, reiterating her interim fees and costs request. Reply, ECF No. 77.

This matter is now ripe for determination.

## II. Applicable Law and Analysis

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petition results in compensation, petitioner is entitled to reasonable attorneys' fees and costs ("fees" or "fee award"). *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). Where a petitioner does not prevail on entitlement, a special master has discretion to award reasonable fees if the petition was brought in "good faith" and with a "reasonable basis" for the claim to proceed. § 15(e)(1). A petitioner's good faith is presumed "in the absence of direct evidence of bad faith." *Grice v. Sec'y of Health & Human Servs.*, 36 Fed. Cl. 114, 121 (1996). Where no evidence of bad faith exists and respondent does not challenge petitioner's good faith, good faith requires no further analysis.

Reasonable basis is an objective inquiry, irrespective of counsel's conduct or looming statute of limitations, that evaluates the sufficiency of petitioner's available medical records at the time a claim is filed. *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 636 (Fed. Cir. 2017); *see Turpin v. Sec'y of Health & Human Servs.*, No. 99-564, 2005 WL 1026714 at *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005). A special master's evaluation of reasonable basis is to focus on the requirements for a petition under the Vaccine Act to determine if the elements have been asserted with sufficient objective evidence to make a feasible claim for recovery. *Santacroce v. Sec'y of Health & Human Servs.*, No. 15-555V, 2018 WL 405121 at *7 (Fed. Cl. 2018). Reasonable basis is satisfied when available objective evidence, such as medical records or medical opinions, support a feasible claim prior to filing. *See Chuisano v. Sec'y of Health & Human Servs.*, 116 Fed. Cl. 276, 286 (2014) (citing *McKellar v. Sec'y of Health & Human Servs.*, 101 Fed. Cl. 303, 303 (2011)); s*ee Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 405 (2012). Where causation is a necessary element to petitioner's claim, petitioner must provide some objective support of a causal relationship between administration of the vaccine and the petitioner's injuries in order to establish that a claim was feasible. *See Bekiaris v. Sec'y of Health & Human Servs.*, 140 Fed. Cl. 108, 114 (2018).

5

Determination of feasibility is limited to the objective evidence submitted, *Santacroce*, 2018 WL 405121 at *7, but a special master is not precluded from considering objective factors such as "the factual basis of the claim, the novelty of the vaccine, and the novelty of the theory of causation."*Amankwaa v. Sec'y of Health & Human Servs.*, 138 Fed. Cl. 282, 289 (2018). In *Cottingham*, the Federal Circuit expressly clarified that special masters are permitted to utilize a totality of the circumstances inquiry in evaluating reasonable basis, including, but not exclusively limited to, objective factors such as those identified in *Amankwaa*. *See Cottingham ex. rel. K.C. v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020). The Court reiterated that counsel conduct is subjective evidence, not to be considered when evaluating reasonable basis. *Cottingham*, 971 F.3d at 1345.

While incomplete records do not strictly prohibit a finding of reasonable basis, *Chuisano*, 116 Fed. Cl. At 288, an overwhelming lack of objective evidence will not support reasonable basis. *See Simmons,* 875 F.3d at 634-36 (holding that reasonable basis was not satisfied where 1) petitioner's medical record lacked proof of vaccination and diagnosis and 2) petitioner disappeared for two years prior to filing a claim). Additionally, a petitioner's own statements are not "objective" for purposes of evaluating reasonable basis and cannot alone support reasonable basis. *See, e.g., Chuisano*, 116 Fed. Cl. at 291; *Foster v. Sec'y of Health & Human Servs.*, No. 16-1714V, 2018 WL 774090, at *3 (Fed. Cl. Spec. Mstr. Jan. 2, 2018). A claim may lose reasonable basis as it progresses, if further evidence is unsupportive of petitioner's claim. *See R.K. v. Sec'y of Health & Hum. Servs.,* 760 F. App'x 1010, 1012 (Fed. Cir. 2019) (citing *Perreira v. Sec'y of Health & Hum. Servs.,* 33 F.3d 1375, 1376-77 (Fed. Cir. 1994)).

Despite broad discretion, a special master may not abuse their discretion in denying reasonable basis and fees. The Federal Circuit articulated, "failure to consider objective evidence presented in support of a reasonable basis for a claim would constitute an abuse of discretion" by the special master. *Cottingham*, 971 F.3d at 1345. The petitioner in *Cottingham* submitted an affidavit, a vaccine package insert, and several medical records showing that petitioner suffered adverse reactions listed on the package insert after receiving the vaccine. *See id.* at 1345-46. The Court found that the materials constituted such objective evidence that denying reasonable basis because of "no evidence" was clearly erroneous. *Id.* at 1346-47. Denial of reasonable basis for lack of causation in *Cottingham* constituted an abuse of discretion. *Id.* at 1347. The Court reminded that the burden of proof required for reasonable basis is not as high as that required for causation—"more than a mere scintilla but less than a preponderance of proof could provide sufficient grounds for a special master to find reasonable basis." *Id.* at 1346. However, the Court held that the special master may make factual determinations as to the weight of evidence. *Id.* at 1347.

The key dispute in this matter is whether petitioner's alleged injury meets the six-month severity requirement pursuant to 42 U.S.C. § 300aa-11(c)(1)(D)(i). Petitioner continues to work to substantiate her claim with additional evidence. Until petitioner has completed the record and a determination has been made on whether petitioner's alleged injury meets the six-month requirement, this application for fees is premature.

Once a decision on the six-months severity requirement has been issued, petitioner may refile her application for attorneys' fees and costs.

6

Based on the foregoing, petitioner's Motion for Interim Attorneys' Fees and Costs is **DENIED**. The Clerk of the Court is directed to enter judgment accordingly.[4]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.