# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-748V
Filed: January 4, 2024

| | |
|---|---|
| * * * * * * * * * * * * * * | |
| CONSTANCE KOHL, | * |
| | * |
| Petitioner, | * |
| v. | * |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| * * * * * * * * * * * * * * | |

*Mark Sadaka, Esq.*, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for petitioner.
*Debra Begley, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On June 24, 2016, Constance Kohl ("Ms. Kohl" or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq.[2] ("Vaccine Act" or "the Program"). Petitioner alleges that a tetanus-diphtheria-acellular pertussis ("Tdap") vaccination she received on June 28, 2013 caused her to develop a "frozen shoulder, stiffness, numbness, tingling, swelling, redness, and reduced range of motion." Petition, ECF No. 1. The petition was ultimately dismissed on August 18, 2022 for failure to satisfy the six-month severity requirement. ECF No. 93.

Petitioner filed a Motion for Attorneys' Fees and Costs pursuant to Section 15(e) of the Vaccine Act on September 30, 2022. ECF No. 97. On November 4, 2022, respondent filed a response opposing the motion and raising reasonable basis. ECF No. 99 ("Response"). On

---

[1] Because this decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

November 14, 2022, petitioner moved to strike the Motion for Attorneys' Fees and Costs due to mistakes in the filing, and the motion was granted. ECF Nos. 100, 101. Petitioner refiled the corrected Motion on the same day. ECF No. 102 ("Motion for Fees"). On November 22, 2022, respondent filed a status report advising that he would rely on his response to the original motion raising reasonable basis. ECF No. 103. Petitioner then filed a reply on November 28, 2022. ECF No. 104. ("Reply").

Petitioner seeks a total of **$72,228.05**, representing $71,733.75 in attorneys' fees and $494.30 in costs. *See* Motion for Fees, Ex. A at 30-31. After careful consideration, petitioner's Motion for Attorneys' Fees and Costs is **GRANTED** for the reasons set forth below.

## I.   Background

This matter has a long and protracted history, beginning on June 24, 2016 when the petition was filed. ECF No. 1. The matter was originally assigned to the Special Processing Unit ("SPU"). ECF No. 4. Petitioner filed medical records on June 28, 2016 and a Statement of Completion on July 1, 2016. Petitioner's Exhibits ("Pet. Ex.") 1-6, ECF No. 5; ECF No. 7.

Following an initial status conference, petitioner was ordered to file additional records to support that she satisfied the six-month severity requirement and an affidavit explaining the gap in her treatment between August 15, 2013 and April 19, 2016. ECF No. 9. On December 16, 2016, petitioner filed medical records and witness statements from her boss, Todd Fischer, and her co-worker, Dennis Paulus. Pet. Ex. 7-9, ECF No. 11. Petitioner filed an additional statement from Todd Fischer on December 23, 2016.[3] Pet. Ex. 10, ECF No. 13.

In his Rule 4(c) Report filed on March 1, 2017, respondent advised that this case was "not appropriate for compensation under the terms of the Act because petitioner has not established six months of sequela as required by 42 U.S.C. § 300aa-11(c)(1)(D)(i-ii)." Respondent's Report ("Resp. Rpt.") at 1, ECF No. 16.

Thereafter, petitioner was ordered to file additional documentation detailing the gap in treatment between August 15, 2013 and April 19, 2016 and her work-related restrictions as a result of her shoulder injury. ECF No. 17, 19-20. Petitioner filed her affidavit on April 17, 2017. Pet. Ex. 11, ECF No. 21. She subsequently filed a notice from Worker's Compensation stating that she had not made any claims, a letter indicating there was no Medicaid lien, and billing and employment records. Pet. Ex. 12, ECF No. 23; Pet. Ex. 13-14, ECF No. 26; Pet. Ex. 15, ECF No. 28.

In a status report filed on August 7, 2017, respondent advised that he intended to defend this case and requested a status conference to discuss how to proceed. ECF No. 29.

The matter was assigned to me on August 8, 2017. ECF No. 32. A status conference was held on August 29, 2017 to discuss ongoing issues in this case, including a gap in treatment which petitioner represented was due to a lack of health insurance; chiropractic treatment between 2013 and 2016 with no mention of shoulder pain or injury; affidavits from her employer and co-worker

---

[3] The evidence filed in this uses the spellings "Fischer" and "Fisher" interchangeably. Both spellings refer to Todd Fischer, his wife Julie Fischer, and their business, Fischer Dairy Farm.

detailing her need for an adjustment in her work duties as a result of her shoulder injury but with no details for how long those accommodations were required; and tax returns showing no loss of income. ECF No. 33; *see* Pet. Ex. 5 at 66-68, Pet. Ex. 7-10, Pet Ex. 13.

Petitioner filed a status report on September 28, 2017, requesting thirty days to brief her case for a ruling on whether she satisfied the six-month severity requirement. ECF No. 34.

A status conference was held on October 4, 2017. ECF No. 35. During the conference, respondent requested additional information from Mr. Fischer about how petitioner's work duties were adjusted to accommodate her injuries. *Id*. Petitioner was ordered to file an affidavit from Mr. Fischer, which she filed on October 31, 2017. Pet. Ex. 16, ECF No. 36.

On December 20, 2017, respondent filed a status report advising that he intended to continue defending this case. ECF No. 38.

During a status conference on February 7, 2018, respondent stated that Mr. Fischer's affidavit was inconsistent with the records filed. ECF No. 39. Respondent also questioned petitioner's employee records that showed she exceeded the number of hours that she previously worked following her alleged vaccine-related shoulder injury but had reduced hours after a fall and right shoulder injury in 2016. *Id*. Petitioner's counsel advised that petitioner's 2016 shoulder injury was more serious than her alleged vaccine injury. *Id*. Following further discussion, petitioner's Facebook data was ordered. Respondent was ordered to file questions for petitioner to answer. *Id*.

Petitioner's Facebook data was filed on March 20, 2018. Pet. Ex. 17, ECF No. 41. Respondent filed a status report on April 9, 2018, requesting additional documents and containing a list of questions for petitioner. ECF No. 42. On June 4, 2018, Petitioner filed a letter from Julie Fischer, Todd Fischer's wife, along with her timesheets and those of her co-worker, Dennis Paulus. Pet. Ex. 18-20, ECF No. 45. Petitioner filed a status report on June 7, 2018, advising that she had satisfied respondent's requests to the best of her ability and no further records existed. ECF No. 46.

Petitioner filed an additional status report on July 3, 2018, advising that she tried to secure records or a statement from her chiropractor Dr. Jones but was unable to do so. She requested a fact hearing. ECF No. 47.

The parties were ordered to file a joint status report with dates for a fact hearing in February 2019. ECF No. 48. The fact hearing was then scheduled for February 6, 2019. Pre-Hearing Order, ECF No. 50. Thereafter, petitioner filed updated primary care records on March 29, 2019. Pet. Ex. 23, ECF No. 58. On July 12, 2019, the parties jointly requested a determination on whether petitioner satisfied the severity requirement, and the record was closed. ECF Nos. 64-65.

A fact ruling was issued on August 21, 2019, finding that petitioner suffered limitations from a left arm/shoulder injury for approximately ten months, satisfying the severity requirement. ECF No. 66.

Respondent then filed a Motion for Reconsideration on September 11, 2019. ECF No. 67. Petitioner filed a response urging the Court to deny respondent's Motion. ECF No. 69.

On November 5, 2019, respondent's Motion for Reconsideration was granted. Order issued Nov. 5, 2019, ECF No. 70. In considering my initial ruling and both parties' filings, I agreed a renewed analysis of the record in its entirety was necessary based on the issues raised by respondent. Additionally, petitioner was ordered to file additional evidence supporting the severity requirement. ECF No. 71.

Petitioner filed additional medical records in February 2020 and a supplemental affidavit revising and clarifying her hearing testimony. Pet. Ex. 24, ECF No. 73; Pet. Ex. 25, ECF No. 75; Pet. Ex. 26, ECF No. 79. Respondent filed a status report on May 13, 2020, advising that the additional evidence submitted did not alter his position and requesting a status conference to discuss further proceedings. ECF No. 80.

Another status conference was held on June 18, 2020. The decision in *Kirby*, upon which respondent relied in his Motion for Reconsideration, was discussed. ECF No. 81. The Court of Federal Claims' then-recent opinion held that petitioner's lay testimony was insufficient to satisfy the six-month severity requirement without the support of contemporaneous, corroborating medical records. *Kirby v. Sec'y Health & Human Servs.*, 148 Fed. Cl. 530 (2020), *reversed*, 997 F.3d 1378 (Fed. Cir. 2021). Because petitioner's credibility as a witness during the hearing provided the foundation for my original ruling, petitioner was ordered to secure any additional evidence she could to corroborate her testimony in support of the severity requirement. ECF No. 81 at 2.

Thereafter, *Kirby* was reversed by the Federal Circuit, specifically on the issue of the severity requirement and the evidence thereof. The Federal Circuit held that the special master's finding that Ms. Kirby's injury lasted more than six months was not arbitrary or capricious because a "reasonable fact finder could conclude that Ms. Kirby's testimony is not inconsistent with her medical records." *Kirby v. Sec'y Health & Human Servs.*, 997 F.3d 1378, 1384 (Fed. Cir. 2021). The special master relied upon "Ms. Kirby's lay testimony, corroborating documentation, and expert testimony… Ms. Kirby testified that she continued her home exercises until her symptoms went away, which was "well over a year"… Evidence of record corroborates Ms. Kirby's testimony." *Id.* at 1381.

After additional medical records and a supplemental affidavit from petitioner were filed, the parties were ordered to file briefs addressing the severity requirement by January 19, 2021. Pet. Ex. 27, ECF No. 82; Pet. Ex. 28, ECF No. 83; Non-PDF Order, issued Oct. 19, 2020.

Petitioner filed her brief on January 19, 2021 arguing, among other things, that the medical records provided sufficient evidence, specifically that there was pain medication prescribed on July 6, 2013 and refilled nine months later on April 3, 2014, and a noted limited range of motion of the left shoulder at a December 3, 2014 medical visit. ECF No. 90.

Respondent then filed a Motion to Dismiss and a Cross-Motion for Findings of Fact addressing the severity requirement. ECF No. 91. Respondent argued that petitioner's evidence

4

was insufficient to establish that her alleged injury persisted for at least six months. *Id.* at 9-10. Respondent analogized the instant matter to *Kirby*, urging the Court to disregard petitioner's unsworn witness statements as they appeared to lack foundation and were inconsistent with petitioner's own statements. *Id*. at 11, 16-17. Respondent further argued that petitioner's testimony and recollections were inconsistent with the documented record. *Id*. at 18-19. The deadline for petitioner to respond to respondent's Motion to Dismiss was suspended until further notice so that the severity requirement could be determined first. ECF No. 92.

After weighing all the evidence, the arguments of counsel, and the law at that time, it was ultimately determined that the inconsistencies in the record could not be reconciled, and the petition was dismissed on August 18, 2022 for failure to comply with the six-month severity requirement. Dismissal Decision, ECF No. 93.

Petitioner's Motion for Attorneys' Fees and Costs followed, and respondent then raised reasonable basis. *See* Motion for Fees, ECF No. 102; Response, ECF No. 99.

## II.     Discussion

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petition results in compensation, petitioner is entitled to reasonable attorneys' fees and costs. *Id.*; *see Sebelius v. Cloer*, 569 U.S. 369, 373 (2013). Where a petitioner does not prevail on entitlement, a special master has discretion to award reasonable fees if the petition was brought in "good faith" and with a "reasonable basis" for the claim to proceed. § 15(e)(1). A petitioner's good faith is presumed "in the absence of direct evidence of bad faith." *Grice v. Sec'y of Health & Human Servs.*, 36 Fed. Cl. 114, 121 (1996). Where no evidence of bad faith exists and respondent does not challenge petitioner's good faith, good faith requires no further analysis. In the instant case, the undersigned has no reason to believe, and respondent does not argue, that petitioner did not bring her claim in good faith. Response at 13. Therefore, the undersigned finds that petitioner brought her claim in good faith.

**A. Reasonable Basis**

**1. Legal Standard**

In discussing the reasonable basis requirement, the Federal Circuit stressed the prima facie petition requirements of § 11(c)(1) of the Act. *Cottingham ex. rel. K.C. v. Sec'y of Health & Human Servs.*, 971 F.3d 1337, 1345-46 (Fed. Cir. 2020). Specifically, the petition must be accompanied by an affidavit and supporting documentation showing that the petitioner:

> (1) received a vaccine listed on the Vaccine Injury Table;
> (2) received the vaccination in the United States, or under certain stated circumstances outside of the United States;
> (3) sustained (or had significantly aggravated) an injury as set forth in the Vaccine Injury Table (42 C.F.R. § 100.3(e)) or that was caused by the vaccine;
> (4) experienced the residual effects of the injury for more than six months, died, or required an in-patient hospitalization with surgical intervention; and

5

(5) has not previously collected an award or settlement of a civil action for damages for the same injury.

*Cottingham*, 971 F.3d at 1345-46.

Reasonable basis is an objective inquiry, irrespective of counsel's conduct or a looming statute of limitations, that evaluates the sufficiency of records available at the time a claim is filed. *Simmons v. Sec'y of Health & Human Servs.*, 875 F.3d 632, 636 (Fed. Cir. 2017); *see Turpin v. Sec'y of Health & Human Servs.*, No. 99-564, 2005 WL 1026714 at *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005). A special master's evaluation of reasonable basis focuses on the requirements for a petition under the Vaccine Act to determine if the elements have been asserted with sufficient objective evidence to make a feasible claim for recovery. *Santacroce v. Sec'y of Health & Human Servs.*, No. 15-555V, 2018 WL 405121 at *7 (Fed. Cl. 2018).

Reasonable basis is satisfied when there is more than a mere scintilla of objective evidence, such as medical records or medical opinions, supporting a feasible claim before filing. *See Cottingham*, 971 F.3d at 1346; *see Chuisano v. Sec'y of Health & Human Servs.*, 116 Fed. Cl. 276, 286 (2014) (citing *McKellar v. Sec'y of Health & Human Servs.*, 101 Fed. Cl. 303, 303 (2011)); *see Silva v. Sec'y of Health & Human Servs.*, 108 Fed. Cl. 401, 405 (2012). A recent attempt to clarify what quantifies a "scintilla" looked to the Fourth Circuit, which characterized "more than a mere scintilla of evidence" as "'evidence beyond speculation that provides a sufficient basis for a reasonable inference of causation.'" *Cottingham v. Sec'y of Health & Human Servs.*, 154 Fed. Cl. 790, 795 (2021) (*quoting Sedar v. Reston Town Ctr. Prop., LLC*, 988 F.3d 756, 765 (4th Cir. 2021)). Additionally, absence of an express medical opinion of causation is not necessarily dispositive of whether a claim has a reasonable basis. Medical records may support causation even where the records provide only circumstantial evidence of causation. *James-Cornelius on Behalf of E.J. v. Sec'y of Health & Human Servs.*, 984 F.3d 1374, 1379-80 (Fed. Cir. 2021).

Evaluation of reasonable basis is limited to the objective evidence submitted. *Simmons*, 875 F.3d at 636. Still, a special master is not precluded from considering objective factors such as "the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa v. Sec'y of Health & Human Servs.*, 138 Fed. Cl. 282, 289 (2018). In *Cottingham*, the Federal Circuit expressly clarified that special masters are permitted to utilize a totality of the circumstances inquiry in evaluating reasonable basis, including, but not exclusively limited to, objective factors such as those identified in *Amankwaa*. *See Cottingham*, 971 F.3d at 1344. The Federal Circuit reiterated that counsel's conduct is subjective evidence not to be considered when evaluating reasonable basis. *Id*. at 1345. Counsel's attempt or desire to obtain additional records before filing is subjective evidence and does not negate the objective sufficiency of evidence presented in support of a claim. *James-Cornelius*, 984 F.3d at 1381. The Federal Circuit has additionally articulated that special masters cannot broadly categorize all petitioner affidavits as subjective evidence or altogether refuse to consider petitioner's sworn statements in evaluating reasonable basis. *Id.* at 1380 (holding that factual testimony, when corroborated by medical records and a package insert, can amount to relevant objective evidence for supporting causation). However, a petitioner's own statements cannot alone support reasonable basis, and special masters may make factual determinations as to the weight of evidence. *See, e.g.*, *Chuisano*, 116 Fed. Cl. at 291; *Foster v. Sec'y of Health &*

*Human Servs.*, No. 16-1714V, 2018 WL 774090, at *3 (Fed. Cl. Spec. Mstr. Jan. 2, 2018); *Cottingham*, 971 F.3d at 1347.

While absent or incomplete records do not strictly prohibit a finding of reasonable basis, an overwhelming lack of objective evidence will not support reasonable basis. *Chuisano*, 116 Fed. Cl. at 288; *see Simmons*, 875 F.3d at 634-36 (holding that reasonable basis was not satisfied where 1) petitioner's medical record lacked proof of vaccination and diagnosis and 2) petitioner disappeared for two years before filing a claim). The objective evidence in the record must also not be so contrary that a feasible claim is not possible. *Cottingham*, 154 Fed. Cl. at 795, citing *Randall v. Sec'y of Health & Human Servs.*, No. 18-448V, 2020 WL 7491210, at *12 (Fed. Cl. Spec. Mstr. Nov. 24, 2020) (finding no reasonable basis when petitioner alleged a SIRVA injury in his left arm though the medical records indicated that the vaccine was administered in petitioner's right arm). A claim may lose reasonable basis as it progresses if further evidence is unsupportive of petitioner's claim. *See R.K. v. Sec'y of Health & Hum. Servs.*, 760 F. App'x 1010, 1012 (Fed. Cir. 2019) (citing *Perreira v. Sec'y of Health & Human Servs.*, 33 F.3d 1375, 1376–77 (Fed. Cir. 1994)).

Though a special master has broad discretion, a special master must keep in mind the Vaccine Act's remedial objective of maintaining petitioners' access to willing and qualified legal assistance, and a special master may not abuse their discretion in denying reasonable basis and fees. *See James-Cornelius*, 984 F.3d at 1381.

### B. Analysis of Reasonable Basis

Petitioner satisfied the *Cottingham* elements of reasonable basis when she filed facially trustworthy medical records demonstrating that she (1) received a vaccine listed on the Vaccine Injury Table; (2) received the vaccination in the United States; (3) sustained an injury allegedly caused by the vaccine; (4) experienced the residual effects of the injury for more than six months; and (5) has not previously collected an award or settlement of a civil action for damages for the same injury. *Cottingham*, 971 F.3d at 1345-46.

To establish a reasonable basis for attorneys' fees, the burden is lower than the preponderant evidence standard required to prove entitlement to compensation. *Cottingham ex. rel. K.C. v. Sec'y of Health & Human Servs.*, 971 F.3d 1337, 1345-46 (Fed. Cir. 2020). Petitioner must provide more than a mere scintilla of evidence, defined as "evidence beyond speculation that provides a sufficient basis for a reasonable inference of causation." *Cottingham v. Sec'y of Health & Human Servs.*, 154 Fed. Cl. 790, 795 (2021) (*quoting Sedar v. Reston Town Ctr. Prop., LLC*, 988 F.3d 756, 765 (4th Cir. 2021)).

Respondent argued that petitioner's attempts to establish that her alleged injury persisted for at least six months through her own affidavit and testimony and "unsworn" statements from her employer, his wife, and a coworker failed to show that her injury persisted for the requisite time period. Rather "the objective evidence overwhelmingly disproved statements by petitioner and her witnesses. Thus, there was no reliable evidence that petitioner's alleged injury persisted for at least six months." Response at 16-17. Respondent added that the medical records were unsupportive and provided no evidence that petitioner's left shoulder pain persisted for at least six

months, arguing that "[t]he residual injury requirement is a critical and necessary element of petitioner's claim, and there are no medical records that show ongoing sequelae for at least six months." *Id.* at 20, 25-26. While petitioner tried to overcome the lack of medical record support with other evidence, the objective evidence disproved her testimony and her witnesses' statements were either discredited or too vague to offer any support for her claim. Therefore, the record lacked any reliable evidence supportive of the residual injury requirement and her motion for fees and costs should be denied. *Id.* at 25-26.

Respondent essentially argues that petitioner's claim lacked reasonable basis because petitioner was ultimately unable to satisfy the six-month severity requirement due to inconsistencies determined to exist between the affidavits, testimony, and medical records gathered over the years the matter was pending. However, cases that fail to establish entitlement can still have sufficient objective grounds for an award of fees. *See Braun v. Sec'y of Health & Human Servs.,* 144 Fed. Cl. 72, 77-78 (2019).

After years of filing medical records and affidavits, a fact hearing, a ruling in favor of petitioner, a motion for reconsideration, and additional evidence, it was determined that petitioner could not satisfy the six-month severity requirement, resulting in dismissal of her petition. *See* Dismissal Decision, ECF No. 93.

Nevertheless, the claim was objectively sufficient to entitle petitioner to an award of fees and costs. Petitioner suffered an undisputed shoulder injury following the receipt of a vaccine covered by the Program, with pain and physical limitation requiring several visits to her primary care physician and an orthopedic who administered a steroid injection. The affidavits and testimony of petitioner and the affidavits and statements of her employer and coworker[4] attesting to her inability to perform her normal daily work requirements were sufficient to warrant a hearing on the six-month issue. Petitioner lived and worked on a dairy farm and performed intensive physical labor seven days a week. Her injury certainly restricted her ability to perform that job, but the real issue was for how long. The evidence produced was insufficient to support the six-month severity requirement, but it was sufficient to show that for some time following her vaccine, petitioner's injury was such that she was unable to attend to her job or daily activities and suffered from pain. Setting aside the fact that it ultimately fell short of satisfying the six-months severity requirement, evidence of pain and disability for some time existed, with a scintilla of evidence suggesting that it may have existed in excess of six months,

Petitioner's argument is well-taken. There was no dispute that petitioner suffered an injury from a vaccine covered by the Act.[5] The only issue was whether there was sufficient evidence to support the claim that she suffered from her injuries for at least six months. Reply at 1. Petitioner filed "a copious amount of evidence, including testimony, affidavits, medical records and statements", and the Court found in favor of petitioner at one point. *Id.* at 2. While the Court reconsidered the evidence and ultimately decided against petitioner is not the issue, "[t]he

---

[4] Petitioner's coworker Mr. Paulus unfortunately passed away before he was able to give testimony.
[5] The medical records also support that petitioner suffered a left shoulder injury following the receipt of a Tdap vaccine. Therefore, it is unnecessary to recount petitioner's medical history therein. A thorough recitation of petitioner's medical history can be found in the Dismissal Decision. *See* Dismissal Decision, ECF No. 93.

8

important part is that petitioner had evidence to consider, and . . . provided more than a scintilla of evidence in support of her claim, but less than a preponderance." Reply at 2.

I find that petitioner provided sufficient evidence to satisfy the reasonable basis requirement. Thus, petitioner is entitled to an award of fees.

Finally, special masters have underscored the importance of awarding attorneys' fees to encourage the participation of competent legal counsel in the Vaccine Program. As the Special Master stated in *Iannuzzi v. Sec'y of Health & Human Servs.*:

> Simply put, the ultimate purpose of Vaccine Act fees and costs awards is *not* to benefit the *attorneys* involved, but to *ensure that Vaccine Act petitioners will have adequate access to competent counsel*. . . Accordingly, when attorneys spend a reasonable amount of time and costs in representing Vaccine Act petitioners, such attorneys must be fairly compensated for their expenditures, in order to encourage attorneys to participate in future Vaccine Act cases.

No. 02-780V, 2007 WL 1032379, at *11 (Fed. Cl. Spec. Mstr. Mar. 20, 2007), *rev'd in part*, 78 Fed. Cl. 1 (2007) (emphasis in original); *see also James-Cornelius*, 984 F.3d at 1381 (in exercising her discretion to award attorneys' fees, the special master must keep in mind the remedial objective of maintaining petitioners' access to willing and qualified legal assistance).

For the reasons set forth above, I find there was a reasonable basis for the filing of the petition and throughout the pendency of the matter until it was dismissed.

### III.    Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours, including those by paralegals, that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioner notice and opportunity to respond. See *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line

analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

### A. Reasonable Hourly Rates

A reasonable hourly rate is the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). Rather than being based on the prevailing rate in the forum where petitioner's attorney practices, the rate is based on the forum rate for the District of Columbia. *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). A narrow exception to this forum rule applies "where the bulk of the attorney's work is done outside the forum jurisdiction, and where there is a very significant difference in the compensation rate between the place where the work was done and the forum." *Id.* This exception is known as the *Davis County* exception, and it provides for attorneys' fees to be awarded at local hourly rates. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

*McCulloch* provides a multifactor framework for deciding the reasonable forum rate based on the attorney's experience, overall quality of work performed, and prevailing rates in the program and forum. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[6]

Petitioner requests the following rates for the work of her counsel, Mr. Mark Sadaka: $337.05 for work performed in 2013, $350 for work performed in 2014 and 2015, $362.95 for work performed in 2016, $376.38 for work performed in 2017, $396 for work performed in 2018, $405 for work performed in 2019, and $422 for work performed in 2020. Motion for Fees at 4. The requested rates are reasonable and consistent with what Mr. Sadaka has previously been awarded for his Vaccine Program work. *See Pudalov v. Sec'y of Health & Human Servs.*, No. 16-532V, 2023 WL 183397 (Fed. Cl. Spec. Mstr. Jan. 13, 2023) (awarding the rates requested herein for 2015-2022); *Hampton v. Sec'y of Health & Human Servs.*, No. 13-776V, 2017 WL 694537 (Fed. Cl. Spec. Mstr. Jan. 27, 2017) (awarding the rates requested herein for 2013-2016). Therefore, I award the rates as requested.

### B. Hours Reasonably Expended

Attorneys' fees may be awarded for the number of hours reasonably expended during litigation. *Avera*, 515 F.3d at 1348. The special master should use her prior experience and judgement to exclude from the fee calculation hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Unreasonably duplicative or excessive billing can include attorneys billing at attorney rates for clerical work, "an attorney

---

[6] The 2015-2023 Fee Schedules can be accessed at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Sers.*, No. 09-923V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

10

billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intraoffice communications, attorneys billing excessive hours, attorneys entering erroneous billing entries, [and] attorneys billing excessively for interoffice communications." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 702-703 (2016). Secretarial and clerical tasks such as reviewing invoices and scheduling meetings are not compensable under the Vaccine Program. *See McCulloch*, 2015 WL 5634323, at *26; *Raymo,* 129 Fed. Cl. at 702. Billing for learning about the basic aspects of the Vaccine Program is also not compensable. *Matthews v. Sec'y of Health & Human Servs*., No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016).

While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Further, attorneys may be compensated for hours traveled at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases); *see also Knox v. Sec'y of Health & Human Servs.*, No. 90–33V, 1991 WL 33242, at *7 (Fed. Cl. Spec. Mstr. Feb. 22, 1991) (finding that "50% of the expert's [travel] time should be compensated"). Ultimately, the special master maintains discretion in awarding fees for reasonable hours expended and "is permitted to reduce attorneys' hours found to be excessive by a percentage." *Raymo,* 129 Fed. Cl. at 702; *see also Broekelschen*,102 Fed. Cl. 728-29 (affirming the special master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Mr. Sadaka and his paralegals billed a total of 225.2 hours on this matter. Motion for Fees, Ex. A at 30. Upon review of the hours billed by Mr. Sadaka and his paralegals, I find that the time billed was reasonable and appropriately documented with specificity. Further, I find it reasonable that a legal team would expend a combined 225.2 hours on a case over a span of nearly nine years, from the time that petitioner's attorney began working on this matter until it was dismissed. Therefore, no reduction is warranted, and petitioner is awarded total attorneys' fees in the amount of **$71,733.75**.

### C. Reasonable Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs*., 27 Fed. Cl. 29, 34 (1992). Petitioner requests a total of $494.30 in costs for acquisition of medical records and filing and postage costs. Motion for Fees, Ex. A at 30-31, Ex. B. I find these costs reasonable and supported with adequate documentation. Therefore, petitioner is entitled to **$494.30,** the full amount of costs sought.

### IV. Conclusion

Based on the foregoing, petitioner's Motion for Attorneys' Fees is **GRANTED.** Petitioner is hereby awarded **a lump sum of $72,228.05,** representing $71,733.75 in attorneys' fees and $494.30 in costs, **in the form of a check payable jointly to petitioner and petitioner's counsel, Mark Sadaka, Esq.**

11

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment in accordance with this Decision.[7]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.